NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| ROBERT FULLER and JANET FULLER, husband and wife,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>SAFECO INSURANCE COMPANY OF OREGON, a foreign insurer,<br><br>        Defendant-Appellee. | No.   16-35289<br><br>D.C. No. 3:15-cv-05489-RBL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted May 9, 2018
Seattle, Washington

Before:  GOULD and IKUTA, Circuit Judges, and TUNHEIM,** Chief District Judge.

Robert and Janet Fuller's (the Fullers) home became uninhabitable because

of a fire on January 31, 2015.  Seeking to recover for the damage to their home, the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Fullers sought coverage from their insurance provider, Safeco Insurance Company of Oregon (Safeco).  But Safeco denied coverage stating that the Fullers' policy had been cancelled effective January 29, 2015.  The Fullers sued Safeco to obtain coverage, and Safeco moved for summary judgment arguing that as a matter of law the policy was cancelled in accord with Washington Revised Code § 48.18.290.  The district court granted summary judgment for Safeco.  The Fullers appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  Reviewing the grant of summary judgment *de novo*, *Szajer v. City of L.A.*, 632 F.3d 607, 610 (9th Cir. 2011), we reverse.

The Fullers argue that the district court erred by concluding that Safeco had shown *prima facie* evidence that the Fullers' notice of cancellation was mailed under the requirements of Washington Revised Code § 48.18.290.  The Fullers also argue that the non-receipt of the notice of cancellation creates a dispute of material fact that should have precluded the grant of summary judgment.  We agree.

Under Washington Revised Code § 48.18.290, termination of an insurance policy is only effected if (1) the insurer delivers or mails notice of cancellation to the named insured, and (2) the notice includes the reasons for cancellation.  Wash. Rev. Code § 48.18.290(1)(a).  "The affidavit of the individual making or supervising such a mailing, shall constitute prima facie evidence of such facts of the mailing . . . ."  Wash. Rev. Code § 48.18.290(3).  Here, John Mota, a Shift

Manager for Operation Support at Safeco, attested to the mailing of the cancellation notice. But Mota testified that he did not work during the shift that the mailing was made. Because Mota was not the individual supervising the mailing of the notice to the Fullers, Mota's affidavit could not establish *prima facie* evidence of mailing. The district court erred by relying on Mota's affidavit as conclusive evidence of mailing.

Because Safeco did not provide *prima facie* evidence of mailing, Safeco was not entitled to summary judgment if the Fullers' evidence gave rise to a genuine issue of material fact as to whether the mailing had occurred. *Blomquist v. Grays Harbor Cty. Med. Serv. Corp.*, 296 P.2d 319, 321 (Wash. 1956) (concluding that the burden is on the insurer to prove that the policy was cancelled). The Fullers' and their insurance agent's non-receipt of the cancellation notice, in the absence of *prima facie* evidence of mailing, created a dispute of material fact about whether the cancellation notice was sent. We reverse the district court's grant of summary judgment in favor of Safeco on all of the Fullers' claims and remand.

**REVERSED and REMANDED.**